IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONTA T. VAUGHN,

    Plaintiff,

v.                                                        Civil Action No. 5:07CV17
                                                                          (STAMP)
MARTIN GARZA, Correctional Officer,
C/O TOMPKINS, Correctional Officer,
C/O TURNER, Correctional Officer,
C/O MASSEY, Correctional Officer,
C/O KUHL, Correctional Officer,
CAPT. ARNOLD, Chief Correctional Supervisor,
C/O McCLUNG, Housing Unit Officer,
J.D. HILL, Associate Warden for Administration,
WENDT, Warden, FCI Gilmer,
LIEUTENANT CREGAN, Special Investigative Supervisor,
LIEUTENANT BERAGAMI, Special Investigative Supervisor,
LIEUTENANT PAGE, Correctional Supervisor
and D. HEADY, Unit Manager,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] plaintiff, Donta T. Vaughn, filed a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), alleging that prison officials discriminated against him, deprived him of the Eighth Amendment right to be free from cruel and unusual punishment, and are responsible for the loss of his property.[2] The

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] After filing his initial complaint, the plaintiff, with leave of court, filed an amended complaint naming an additional

defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. Although a Roseboro Notice was issued to the plaintiff advising him of his right to file a responsive pleading and the possible consequence of the failure to do so, the plaintiff did not respond.

This case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.01 et seq., and 28 U.S.C. §§ 1915(e) and 1915A. On March 6, 2009, the magistrate judge issued a report and recommendation recommending that the defendants' motion to dismiss, or in the alternative, motion for summary judgment be granted, and that the plaintiff's complaint be dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of

---

defendant.

2

Magistrate Judge Seibert's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that during his confinement at the Gilmer Federal Correctional Institution ("FCI-Gilmer), prison officials discriminated against him and subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Specifically, the plaintiff alleges that he was placed in the Special Housing Unit ("SHU") for three months, and that while there, he was denied all contact with medical staff and his unit team. He also alleges that during his confinement in the SHU, he was not permitted to shop for commissary items, to make telephone calls, and to use the law library, or to participate in general recreation. Morever, the plaintiff alleges that the prison staff deactivated the distress alarm in his cell and refused to provide cleaning supplies for his filthy and contaminated cell. Also, the plaintiff alleges that prison officials lost or stole his property when he was transferred to the SHU because defendant Bruce McClung (defendant "McClung") failed or refused to properly secure such property.

Further, the plaintiff claims that defendant Martin Garza (defendant "Garza") made veiled threats against him if he talked to anyone about an investigation of defendant Garza's girlfriend, Ms. Christina Akers ("Ms. Akers"). Allegedly, after rumors surfaced that the plaintiff was having a relationship with Ms. Akers, defendant Timothy Tompkins (defendant "Tompkins") placed the

plaintiff in a room with defendant Garza, where defendant Garza proceeded to physically assault the plaintiff by punching and choking him.

Finally, in his amended complaint, the plaintiff alleges that defendant Dane Heady (defendant "Heady") violated the plaintiff's right to make legal calls. As relief, the plaintiff is requesting a declaratory judgment, compensatory damages, and punitive damages.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

A. *Bivens* Action

The magistrate judge recommended that the plaintiff's Bivens action be dismissed for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal

4

law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The Bureau of Prisons' ("BOP") formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or <u>Bivens</u> claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, the magistrate judge noted that although the plaintiff was incarcerated at FCI-Gilmer from June 24, 2003 to July 20, 2005, he did not initiate any administrative remedies while incarcerated in that correctional facility. Further, the plaintiff initiated his first written complaint to the warden regarding the allegations raised herein on April 21, 2006, some nine months after the plaintiff was transferred from FCI-Gilmer. Thus, although the plaintiff did attempt to meet the administrative exhaustion requirement by filing fourteen administrative remedies at each level, the magistrate judge held that these were all properly denied as untimely. Moreover, the magistrate judge held that the plaintiff's implied allegation that he was prevented from filing his administrative remedies while at FCI-Gilmer is clearly refuted by the defendants' declarations.[3] In this case, the declaration of defendant Heady certified to this Court that he recalls giving the

---

[3] Although the electronic versions of some of the defendants' declarations are unsigned and undated, the paper copies provided to this Court are signed and dated.

plaintiff administrative remedy forms during the time that the plaintiff was housed in the SHU. Thus, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to properly exhaust his administrative remedies with respect to the <u>Bivens</u> claims raised in his complaint. This Court finds no clear error in the magistrate judge's report and recommendation.

B. <u>FTCA Claim</u>

Under the PLRA, federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-28 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Perkins v. Kansas Dep't of Corr.</u>, 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state

a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's FTCA claim be dismissed for failure to state a claim upon which relief can be granted. The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The United States cannot be sued, however, unless Congress

has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953).

Indeed, the FTCA expressly preserves sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other party by any officer or customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c) (emphasis added). Although the United States Court of Appeals for the Fourth Circuit previously held that the phrase "any other law enforcement officer" does not apply to federal BOP correctional officers who are responsible for the loss or theft of inmates' property during a move because these officers are not acting in either a tax or customs capacity, see Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006), the United States Supreme Court has since determined that the § 2680(c) exception does in fact preserve sovereign immunity for torts committed by all federal law enforcement officers, particularly those officers employed by the federal BOP. Ali v. Fed. Bureau of Prisons, 128 S. Ct. 831 (2008). Accordingly, Magistrate Judge Seibert recommended that the plaintiff's FTCA claim be dismissed because this Court lacks jurisdiction over any FCA claims concerning any conduct by defendant McClung which resulted in the loss or theft of the plaintiff's property. See also Ferrell v. Zickefoose, 2008 WL 4534361 (N.D. W. Va. Oct. 7, 2008) (unpublished); Cabell v. Craig, 2008 WL 3539692 (S.D. W. Va. Aug. 12, 2008) (unpublished); Page v.

United States, 2008 WL 2077909 (N.D. W. Va. May 15, 2008) (unpublished).

This Court finds no clear error in the magistrate judge's report and recommendation. Even taking the plaintiff's allegations as true, he is entitled to no measure of relief in this Court. Accordingly, this Court concludes that the magistrate judge's recommendation concerning the plaintiff's complaint should be affirmed and adopted.

## V. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly for the reasons set forth above, the defendants' motion to dismiss, or in the alternative, motion for summary judgment is GRANTED, and the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of

this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   June 4, 2009

/s/ Frederick P. Stamp. Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE